SIMON BOEKMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82185. Promulgated September 16, 1938.

*George S. Hills, Esq.*, and *J. E. Lawlor, C. P. A.*, for the petitioner. *Allen T. Akin, Esq.*, for the respondent.

---

[6] See footnote 2, *supra*.

## OPINION.

VAN FOSSAN: The controlling question in the case at bar is whether income to petitioner, a nonresident alien individual, is, within the applicable statute,[1] gross income from a source within the United States.

Gross income from sources in the United States is defined in section 119 (a) of the Revenue Act of 1928 as follows:

\* \* \* The following items of gross income shall be treated as income from sources within the United States:

(1) INTEREST.—Interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, not including—

(A) interest on deposits with persons carrying on the banking business paid to persons not engaged in business within the United States and not having an office or place of business therein, or

(B) interest received from a resident alien individual, a resident foreign corporation, or a domestic corporation, when it is shown to the satisfaction of the Commissioner that less than 20 per centum of the gross income of such resident payor or domestic corporation has been derived from sources within the United States, as determined under the provisions of this section,

---

[1] Sec. 212 (a), Revenue Act of 1928.

for the three-year period ending with the close of the taxable year of such payor preceding the payment of such interest, or for such part of such period as may be applicable, or

(C) income derived by a foreign central bank of issue from bankers' acceptances;

(2) DIVIDENDS.—The amount received as dividends—

(A) from a domestic corporation other than a corporation entitled to the benefits of section 251, and other than a corporation less than 20 per centum of whose gross income is shown to the satisfaction of the Commissioner to have been derived from sources within the United States, as determined under the provisions of this section, for the three-year period ending with the close of the taxable year of such corporation preceding the declaration of such dividends (or for such part of such period as the corporation has been in existence), or

(B) from a foreign corporation unless less than 50 per centum of the gross income of such foreign corporation for the three-year period ending with the close of its taxable year preceding the declaration of such dividends (or for such part of such period as the corporation has been in existence) was derived from sources within the United States as determined under the provisions of this section;

(3) PERSONAL SERVICES.—Compensation for labor or personal services performed in the United States;

(4) RENTALS AND ROYALTIES.—Rentals or royalties from property located in the United States or from any interest in such property, including rentals or royalties for the use of or for the privilege of using in the United States, patents, copyrights, secret processes and formulas, good will, trade-marks, trade brands, franchises, and other like property; and

(5) SALE OF REAL PROPERTY.—Gains, profits, and income from the sale of real property located in the United States.

Section 119 (c) defines gross income from sources without the United States as follows:

(1) Interest other than that derived from sources within the United States as provided in subsection (a) (1) of this section;

(2) Dividends other than those derived from sources within the United States as provided in subsection (a) (2) of this section;

(3) Compensation for labor or personal services performed without the United States;

(4) Rentals or royalties from property located without the United States or from any interest in such property, including rentals or royalties for the use of or for the privilege of using without the United States, patents, copyrights, secret processes and formulas, good will, trade-marks, trade brands, franchises, and other like properties; and

(5) Gains, profits, and income from the sale of real property located without the United States.

In *N. V. Koninklijke Hollandische Lloyd*, 34 B. T. A. 830, it was held that the income of a foreign corporation, in order to be taxable, must fall within the limited scope of the statute. The Board said:

Section 119 contains no definition of income of a general or all-inclusive nature such as is found in section 22 (a) and, therefore, the income shown to be taxed must come strictly within the limits of the statutory requirements.

The partnership of which petitioner was a member received no income during the taxable year from interest, dividends, rents or royalties, or sale of real estate.

The only source of income within the United States listed in the statute, under which the respondent could urge that petitioner is liable for tax is the one taxing personal services. Petitioner's contention is that all the personal services giving rise to the income in question were performed in Amsterdam, Holland, or Hamburg, Germany. We are of the opinion that this conclusion is supported by the record. The transactions referred to in the findings of fact were all initiated and consummated in Europe. No service was performed by petitioner in the United States. The sole purpose of the New York office was the coding and decoding of cables and transmission thereof to the proper person or firm, all of which was done by a clerk. No money was handled, no contracts were entered into by the New York office.

The record makes it clear that petitioner was not in the United States during the taxable period, except for a short time in April 1931, when he was here for the sole purpose of seeking financial assistance for his business abroad. We conclude and hold that petitioner did not render personal services within the United States which are taxable under the statute.

There being no deficiency, there is no penalty.

*Decision will be entered for the petitioner.*